IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AL-QUADIR HUBBARD, | : | Civil No. 3:21-cv-1010 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| KEVIN RANSOM, *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

### I.   Background

Petitioner Al-Quadir Hubbard ("Petitioner") an inmate currently confined at the State

Correctional Institution, Dallas, Pennsylvania, filed a *pro se* petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Presently pending before the Court is

Petitioner's motion for appointment of counsel.  (Doc. 15).  For the reasons set forth below,

the Court will deny the motion without prejudice.

### II.   Discussion

There is no constitutional or statutory right to the appointment of counsel in federal

habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 725 (1991); *Pennsylvania

v. Finley*, 481 U.S. 551, 555 (1987).  Appointment of counsel in a habeas proceeding is

mandatory only if the district court determines that an evidentiary hearing is required.[1]  *See*

Rule 8(c) of the Rules Governing § 2254 Cases[2]; 18 U.S.C. § 3006A(a)(2)(B).  Otherwise, a

court may appoint counsel to represent a habeas petitioner if it "determines that the

interests of justice so require," and that the petitioner is financially unable to obtain

adequate representation.  *See* 18 U.S.C. § 3006A(a)(2)[3].  *See also Montgomery v. Pinchak*,

294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *aff'd*,

275 F.3d 33 (3d Cir. 2001).  The United States Court of Appeals for the Third Circuit has

stated that appointment of counsel for an indigent litigant should be made when

circumstances indicate "the likelihood of substantial prejudice to him resulting, for example,

from his probable inability without such assistance to present the facts and legal issues to

the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22,

26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the

"precious commodity" of volunteer counsel is whether the case has some arguable merit in

---

[1]    In this regard, if the Court determines that a hearing is necessary in this action, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing § 2254 Cases.  *See also United States v. Iasiello*, 166 F.3d 212, 213 n.3 (3d Cir. 1999).

[2]    Rule 8(c) is applicable to petitions under 28 U.S.C. § 2241 pursuant to Rule 1(b) of the habeas rules.  *See* Rules Governing § 2254 Cases Rule 1(b).

[3]    Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "[w]henever the United States magistrate judge or the court determines that the interests of justice so require" and such person is "financially eligible."  18 U.S.C. § 3006A(a)(2).

fact or law. *Montgomery*, 294 F.3d at 499.  If a petitioner overcomes this threshold hurdle,

other factors to be examined are:

> (1)    the claimant's ability to present his or her own case;
> (2)    the difficulty of the particular legal issues;
> (3)    the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
> (4)    the claimant's capacity to retain counsel on his or her own behalf;
> (5)    the extent to which the case is likely to turn on credibility determinations; and,
> (6)    whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57).  The Third Circuit Court of Appeals added two other

factors to be taken into consideration: (1) the court's willingness to aid the indigent party in

presenting his or her own case; and (2) the available supply of lawyers willing to accept

section 1915(e) requests within the relevant geographic area.  *See Gordon v. Gonzalez*,

232 F. App'x 153 (3d Cir. 2007).

Assuming *arguendo* that the petition has merit, Petitioner fails to set forth any special

circumstances warranting the appointment of counsel.  *See Tabron*, 6 F.3d at 155-56.

Petitioner bases the motion solely on his inability to afford counsel.  (Doc. 15).  However, in

his petition, Petitioner demonstrates the ability to present comprehensible arguments and

he is intimately familiar with the facts of his case.  Furthermore, despite his incarceration,

investigation of the facts does not seem beyond Petitioner's capabilities.  Moreover, the

Court notes that it does not have a large group of attorneys who would represent this action

in a *pro bono* capacity.

Based on the foregoing, it does not appear that Petitioner will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Petitioner's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however the denial will be without prejudice. As the Court in *Tabron* stated:

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* . . . even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Petitioner.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: December 10, 2021