## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AL-QUADIR HUBBARD, | : | Civil No. 3:21-cv-1010 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| KEVIN RANSOM, *et al.*, | : | |
| Respondents | : | |

FILED
SCRANTON

MAR 1 4 2024

Per _____ D T _____
DEPUTY CLERK

## MEMORANDUM

Petitioner Al-Quadir Hubbard ("Hubbard") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 1). For the reasons set forth below, the Court will grant in part, and deny in part, Hubbard's writ of habeas corpus.

## I.    Background

On February 11, 2019, Hubbard pled guilty to one count of aggravated assault. *Commonwealth v. Hubbard*, No. CP-40-CR-0003583-2018 (Pa. Ct. Com. Pl. Luzerne Cnty.); Doc. 13-1, pp. 4-6, Transcript of Guilty Plea. As a condition of the plea, defense counsel and the Commonwealth agreed that any sentence imposed would run concurrent to the sentence that Hubbard was serving on CP-40-CR-4253-2012. (Doc. 13-1, p. 7-10, Transcript Sentencing, April 18, 2019). On April 18, 2019, the trial court sentenced Hubbard

to 72 to 144 months' imprisonment and "per agreement" it would run concurrent to the

sentence he was serving on CP-40-CR-4253-2012.[1] (*Id.*).

On April 23, 2019, defense counsel filed a post-sentence motion for reconsideration

of the sentence. *See Commonwealth v. Hubbard*, No. CP-40-CR-0003583-2018.  On April

26, 2019, Hubbard filed a *pro se* post-sentence motion for reconsideration of the sentence.

(Doc. 13-1, pp. 11-15).  On May 3, 2019, Hubbard filed another *pro se* post-sentence

motion, seeking to correct a breach of the guilty plea bargain.  *See Commonwealth v.*

*Hubbard*, No. CP-40-CR-0003583-2018.

On May 16, 2019, Hubbard filed a notice of appeal to the Pennsylvania Superior

Court, docketed at 833 MDA 2019.  (Doc. 13-1, pp. 17-29).  On May 23, 2019, defense

counsel filed a praecipe to discontinue the appeal, and remand to the Court of Common

Pleas, because the trial court had not yet ruled on the post-sentence motions.  (*Id.* at pp.

30-33).  On May 24, 2019, the Pennsylvania Superior Court granted the discontinuance.

(*Id.* at pp. 34-37).

On August 8, 2019, the trial court denied the post-sentence motions and found that

Hubbard "was sentenced within the standard range on the charge to which he pled guilty."

(*Id.* at p. 40).  Hubbard did not file a direct appeal.  *See Commonwealth v. Hubbard*, No.

CP-40-CR-0003583-2018.

---

[1]    The Sentencing Transcript reveals that the trial court sentenced Hubbard to 72 to 144 months'
imprisonment, however the docket and disposition sheets reveal a sentence of 72 to 142 months'
imprisonment. (*See* Doc. 13-1, pp. 8, 51, 66; *Commonwealth v. Hubbard*, No. CP-40-CR-0003583-2018
(Pa. Ct. Com. Pl. Luzerne Cnty.)).

On October 23, 2019, Hubbard filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (*Id.* at pp. 41-55). Therein, he argued that he received ineffective assistance of counsel at the preliminary hearing, that he received ineffective assistance of counsel at his plea and sentencing because his sentence was not running concurrently, and that he had not received credit for time served. (*Id.*). On December 3, 2019, Hubbard filed another *pro se* PCRA petition, which appears to be a copy of his first petition. (*Id.* at pp. 56-70). On December 4, 2019, Hubbard was appointed counsel, Leonard Gryskewicz, Esquire, and counsel filed a supplemental PCRA petition on February 17, 2020. (*Id.* at pp. 71-78). In the supplemental petition, PCRA counsel argued that trial counsel was ineffective because he told Hubbard that his new sentence could run concurrently to his backtime, which was incorrect pursuant to 61 Pa. C.S.A. § 6138(a)(5). (*Id.*). The Commonwealth filed a response. (*Id.* at pp. 79-83). A PCRA hearing was held on July 30, 2020. (*Id.* at pp. 84-91). During the hearing, PCRA counsel informed the PCRA court that he advised Hubbard that if the PCRA court granted the petition, his sentence would be vacated, his guilty plea withdrawn, and his case would be listed for trial. (*Id.* at p. 86). PCRA counsel informed the court and Hubbard that, at that point, "he could either try to work out a better plea deal with the Commonwealth, might get the same plea deal, might get a worse plea deal, might get no plea deal and have to go to trial." (*Id.* at p. 86). PCRA counsel and Hubbard both acknowledged that this situation could result in additional prison time. (*Id.*). The PCRA

3

court reiterated that a new trial or new guilty plea would not result in a concurrent sentence, as that was not permitted. (*Id.* at p. 88). The PCRA court gave Hubbard additional time to speak with PCRA counsel. (*Id.* at pp. 88-89). After conferring with PCRA counsel, counsel informed the PCRA court that Hubbard wished to withdraw his PCRA petition. (*Id.* at p. 89). The PCRA court colloquied Hubbard to ensure that the withdrawal of the PCRA petition was voluntary and not coerced. (*Id.* at pp. 89-90). Hubbard indicated that he understood that any further PCRA petition would be time-barred. (*Id.* at p. 90). He further indicated that he understood that his sentence would remain the same and would remain consecutive to the parole violation. (*Id.*). The PCRA court granted the motion to withdraw the PCRA petition. (*Id.*).

On November 30, 2020, Hubbard filed another PCRA petition, raising concerns regarding his preliminary hearing. (*Id.* at pp. 92-108). Hubbard was again appointed counsel, Leonard Gryskewicz, Esquire, and counsel filed a no merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) (*en banc*). (*Id.* at pp. 116-124). In the *Finley* letter, PCRA counsel indicated that he believed the issue raised by Hubbard lacked arguable merit, and that another issue that could have been raised by Hubbard was time-barred. (*Id.*). The PCRA court issued a notice of intent to dismiss on April 5, 2021, and gave Hubbard 20 days to respond. (*Id.* at pp. 125-126). Hubbard did not file a response; therefore, the PCRA court dismissed the petition on April 30, 2021. (*Id.* at p. 127). Hubbard did not file a notice of appeal with the Superior Court of Pennsylvania.

4

Hubbard then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

## II.   Habeas Claims Presented for Federal Review

Hubbard seeks habeas relief based on the following grounds:

- Ground One:  Trial counsel was ineffective for advising him his current sentence could run concurrently with his backtime, thus inducing an unknowing plea.

- Ground Two:  PCRA counsel was ineffective during the PCRA hearing.

(Doc. 1).

## III.   Legal Standards

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).  Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

## A.    Exhaustion and Procedural Default

A habeas petitioner must exhaust state court remedies before obtaining habeas relief.  28 U.S.C. § 2254(b)(1)(A).  The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.  *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992).  However, in light of a May 9, 2000 order of the Pennsylvania Supreme Court, it is no longer necessary for Pennsylvania inmates to seek *allocatur* from the Pennsylvania Supreme Court in order to exhaust state remedies. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).  The habeas petitioner has the burden of proving exhaustion.  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile.  *Lambert*, 134 F.3d at 518-19.  Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default.  *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).  In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to

6

consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To establish prejudice, a petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*, 856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule of procedural default, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of factual innocence. *Schlup*, 513 U.S. at 324.

## B.    Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore,

that review on the merits of the issues presented in a habeas petition is warranted, the

scope of that review is set forth in 28 U.S.C. § 2254(d).  Section 2254(d) provides, in

pertinent part, that an application for a writ of habeas corpus premised on a claim previously

adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of,
> clearly established Federal law, as determined by the Supreme Court of the
> United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in
> light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not

sufficient for the petitioner to show merely that his interpretation of Supreme Court

precedent is more plausible than the state court's; rather, the petitioner must demonstrate

that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*,

171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will only find a state court

decision to be an unreasonable application of federal law if the decision, "evaluated

objectively and on the merits, resulted in an outcome that cannot reasonably be justified

under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a

state court's findings of fact are correct.  A petitioner may only rebut this presumption with

clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322,

8

341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[2]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient

---

[2]   "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

## C.    Ineffective Assistance of Counsel Standard

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was

10

unreasonable."). "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 446 U.S. at 689). Notably, courts will not deem counsel ineffective for failing to raise a meritless argument. *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different. *See Thomas*, 428 F.3d at 502.

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test. *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one. *Strickland*, 466 U.S. at 697.

IV.     **Discussion**

It is first necessary to determine whether Hubbard's claims presented in his habeas petition are cognizable in a federal habeas proceeding and whether they have been exhausted in the state courts and, if not, whether the circumstances of his case are sufficient to excuse his procedural default.

A.     **Ground Two is a Non-Cognizable Claim**

Hubbard asserts that PCRA counsel was ineffective during the PCRA hearing. (Doc. 1, pp. 9-11). Hubbard is not entitled to habeas relief on this claim to the extent he asserts it as a standalone claim. Hubbard did not have a federal constitutional right to counsel during his PCRA proceeding, see *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); therefore, he cannot receive habeas relief on a standalone claim that his PCRA counsel was ineffective. This concept is codified by statute at 28 U.S.C. § 2254(i), which expressly provides that "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254." *See also Coleman*, 501 U.S. at 752-53 ("There is no constitutional right to an attorney in state post-conviction proceedings. . . . Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."). Thus, Hubbard's standalone ineffectiveness of PCRA counsel claim is not cognizable as a basis for habeas relief.

Additionally, the holding in *Martinez* is not applicable to this claim. *Martinez* is not applicable, as the limited exception established in *Martinez* only serves as a possible means

12

of excusing procedural default and cannot transform a non-cognizable claim into a claim upon which habeas relief may be granted. *Martinez* would potentially excuse the procedural default of an underlying trial counsel ineffectiveness claim that a petitioner is arguing PCRA counsel was ineffective for failing to bring. As such, the Court will dismiss this claim.

## B.     Ground One is Procedurally Defaulted but the Default is Excused

Hubbard's claims pertaining to the preliminary hearing issue and the backtime issue are procedurally defaulted. The record reveals that Hubbard filed a direct appeal to the Pennsylvania Superior Court, but the appeal was discontinued because it was premature. Once the trial court denied his post-sentence motions, Hubbard never refiled a direct appeal. Hubbard then filed his first PCRA petition wherein he raised the preliminary hearing issue and the backtime issue. However, he later withdrew that petition. Hubbard filed a second PCRA raising the preliminary hearing issue. The PCRA court dismissed the second PCRA petition. Hubbard acknowledges that he never appealed to the Pennsylvania Superior Court. (Doc. 1, pp. 4, 16; Doc. 2, pp. 4-5). It is clear that Hubbard's claims were not "fairly presented to the state courts" for "one complete round of the state's established appellate review process." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). *See also Lambert*, 387 F.3d at 233-34 (explaining that, for habeas claims in Pennsylvania to be exhausted, the claims must have been presented to both the PCRA court and the Superior Court). And, because Hubbard is now time-barred from pursuing appeals, those claims are procedurally defaulted. *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001).

Specifically, the PCRA statute of limitations provides that a post-conviction petition must be filed "within one year of the date the judgment becomes final[,]" and Hubbard's judgment of sentence became final on or about September 9, 2019. 42 Pa. Cons. Stat. § 9545(b)(1). The PCRA statute of limitations is an independent and adequate basis to support a procedural default. *See Peterson v. Brennan*, 196 F. App'x 135, 142 (3d Cir. 2006) (finding that the PCRA statute of limitations is an adequate and independent state ground to deny habeas relief). Because the opportunity to file a timely PCRA has expired, these claims are procedurally defaulted.

As stated, a petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, by demonstrating either: (1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or (2) that the failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Hubbard acknowledges that his claims are procedurally defaulted but maintains that the default can be excused under *Martinez*. (Doc. 1, pp. 5, 12; Doc. 2, pp. 4-5). He invokes the narrow equitable exception to the doctrine of procedural default found in *Martinez*, where the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. This exception is available to a petitioner who can show that: (1) his procedurally defaulted ineffective assistance of trial counsel claim has "some merit,"

*id.* at 14 (citing *Miller-El*, 537 U.S. 322); and that (2) his state post-conviction counsel was "ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)." *Id.*

To demonstrate that a claim has "some merit," a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that)...the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation, quotation marks, and alteration omitted). This is a threshold inquiry that "does not require full consideration of the factual or legal bases adduced in support of the claims." *Id.* at 327, 336. In addition to demonstrating that the claim has "some merit," a petitioner must also show that state post-conviction counsel was ineffective under the standards of *Strickland* to excuse the procedural default of the underlying claim. *Martinez*, 566 U.S. at 14. As previously stated, in order to prove ineffective assistance of counsel under *Strickland*, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. A petitioner must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. These are referred to as the "performance" and "prejudice" prongs, respectively. *See Bey*, 856 F.3d at 238.

The Third Circuit Court of Appeals adopted the following rule with respect to *Martinez*. If a petitioner can show "that his underlying ineffective-assistance-of-trial-counsel claim has some merit and that his state post-conviction counsel's performance fell below an objective standard of reasonableness, [then] he has shown sufficient prejudice from

counsel's ineffective assistance that his procedural default must be excused under

*Martinez.*" *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 941 (3d Cir. 2019).

Here, Hubbard argues that trial counsel was ineffective for advising him his current

sentence could run concurrently with his backtime.  Respondents "concede that if trial

counsel advised Petitioner that his new sentence could be concurrent to his parole hit, that

is incorrect advice." (Doc. 13, p. 10).  This claim meets the "some merit" threshold standard

necessary to overcome its procedural default pursuant to *Martinez.*

Next, PCRA counsel failed to fully pursue the claim that trial counsel was ineffective

and failed to advise Hubbard of the remedy available pursuant to *Commonwealth v. Zuber*,

466 Pa. 453, 353 A.2d 441 (1976).  In *Zuber*, during plea negotiations in a murder case, the

prosecutor agreed to recommend to the sentencing court that the defendant receive a

sentence of seven to fourteen years in prison if he pleaded guilty. *Id.* at 442-43.  The

prosecutor also agreed to consent to a request that the defendant's sentence be served

concurrently with backtime that he was required to serve for a parole violation. *Id.* at 443.

The prosecutor stated the terms of the agreement on the record, and the trial court

accepted the terms of the defendant's guilty plea and sentenced him accordingly.  However,

because the law requires that backtime sentences and new sentences be served

consecutively, the defendant was legally obligated to begin serving his sentences one after

the other, instead of simultaneously. *Id.* Zuber appealed to the Supreme Court of

Pennsylvania and argued that his plea had to be enforced, regardless of the statutory law—

16

he argued that he was "induced by the specific promise made by the Commonwealth," which ultimately turned out to be a "false and empty one." *Id.* The Pennsylvania Supreme Court found that because Zuber had "reasonably relied upon the advice of his counsel and the expression of that specific promise stated in open court by the assistant district attorney," *id.* at 445, he was entitled to the benefit of the plea bargain.

Hubbard argues that because PCRA counsel failed to inform him of the remedy pursuant to *Zuber*, he did not knowingly and voluntarily withdraw his PCRA petition. (Doc. 19). In his PCRA petition, Hubbard argued that he entered his plea relying on the representations of plea counsel that his sentence would be run concurrent to a state parole violation. (Doc. 13-1, p. 74). However, the sentencing court was precluded by statute from running the sentence in his present case concurrently with a state parole violation. (*Id.*). Hubbard thus argued in his PCRA petition that if he was aware that his sentence could not be run concurrently to the parole violation, he would not have accepted the plea offer and would have instead proceeded to trial. (*Id.* at p. 75). Pursuant to *Zuber*, which Respondents acknowledge is good law, the proper remedy for an unfulfillable promise of a concurrent sentence is to give the defendant the benefit of his plea bargain, notwithstanding law that the sentences must be consecutive. *See Zuber*, 466 Pa. at 460-61 (proper remedy for unfulfillable promise of concurrent sentence was modification of sentence, notwithstanding law that sentences must be consecutive). No reason appears for why PCRA counsel failed to advise Hubbard of the holding in *Zuber*, which may have affected

17

his decision to withdraw the PCRA petition.  Hence, PCRA counsel performed deficiently,

satisfying the second part of the *Martinez* test.  The Court concludes that habeas relief is

warranted with respect to this claim.

## V.      Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate

of appealability ("COA"), an appeal may not be taken from a final order in a proceeding

under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial

showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.  As the

Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds
> without reaching the prisoner's underlying constitutional claim, a COA should
> issue when the prisoner shows, at least, that jurists of reason would find it
> debatable whether the petition states a valid claim of the denial of a
> constitutional right and that jurists of reason would find it debatable whether
> the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Hubbard fails to demonstrate that a certificate

of appealability should issue with respect to ground two.

## VI.    Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be granted in part and denied in part.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March __13__, 2024